2012 OK CIV APP 80

David DEE and Sandra Dee, Individually, Plaintiffs/Appellees,

v.

Brian HORTON, an Individual, Defendant/Third–Party Plaintiff/Appellant,

and

A Shaurice Abney Company, Inc., an Oklahoma Corporation d/b/a SACO Corp., Defendant,

v.

Jo Rose Fine Cabinets, Inc., Third–Party Defendant.

No. 109,676.

Court of Civil Appeals of Oklahoma, Division No. 3.

May 3, 2012.

Rehearing Denied June 7, 2012.

Scott V. Morgan, Jessie V. Pilgrim, Moyers, Martin, Santee & Imel, L.L.P., Tulsa, Oklahoma, for Plaintiffs/Appellees.

Brian Horton, Sand Springs, Oklahoma, Pro se.

WM. C. HETHERINGTON, JR., Judge.

¶ 1 Appellant Brian Horton (Horton), appeals from an order below granting Appellees David Dee and Sandra A. Dee's (collectively, the Dees), emergency request to order release of Horton's Mechanic's Lien and Lis Pendens notice (collectively, Lien). The Or-

der on appeal does not determine the action nor does it prevent a judgment and later appeal after trial of all pending issues. The Dees' Motion to Dismiss Appeal For Lack of Jurisdiction is **SUSTAINED,** and the case is **REMANDED** for further proceedings.

### FACTS

¶ 2 Dees' action below was filed as a suit to quiet title due to the Horton Lien filed against Dees' property and as a suit for breach of contract, negligence, slander of title and violation of the Oklahoma Consumer Protection Act. On February 20, 2011, Horton answered and alleged various counter-claims. Horton states no claim to foreclose on his Lien. On February 24, 2011, Dee asked the court for an "EMERGENCY MO-TION TO HAVE LIEN AND LIS PEN-DENS IMMEDIATELY REMOVED AND REQUEST FOR HEARING." Hearing was held on May 9, 2011 and an order granting the Dees' motion was filed on June 21, 2011. Horton appeals from this order as an inter-locutory appeal. Following filing of the Peti-tion In Error, completion of the record and briefing, the Dees filed their MOTION TO DISMISS APPEAL FOR LACK OF JU-RISDICTION, to which Horton responded and assignment was made to this Court for a determination.

### THE MOTION TO DISMISS

¶ 3 Appellate jurisdiction rests in the Su-preme Court and, by assignment, to the Court of Civil Appeals as to final orders appealable by right. 12 O.S.2011 § 952(b)(1). Such jurisdiction also extends to "[a]ny other order which affects a substantial part of the merits of the controversy when the trial judge certifies that an immediate appeal may materially advance ultimate termination to the litigation." 12 O.S.2011 § 952(b)(3).

¶ 4 There is no dispute the appeal of the order in this matter survives Dees' motion to dismiss only if it is a final order appealable by right under 12 O.S.2011 § 952(b)(2).[1] This qualifies as an interlocutory appeal and

the order appealed from invokes the jurisdic-tion of this Court only if appealable by right because it:

1. Discharges, vacates, or modifies or re-fuses to discharge, vacate, or modify an attachment;

\* \* \*

3. Discharges, vacates, or modifies or re-fuses to discharge, vacate, or modify a provisional remedy which affects the sub-stantial rights of a party;

12 O.S. Supp.2009 § 993(A)(1) and (3); *see also* Okla.Sup.Ct.R. 1.60(b) and (d).

■ ¶ 5 We find Horton's Lien does not constitute an "attachment" as contemplated in § 993(A)(1). Attachment is a statutory civil process, similar to levy of execution and garnishment, that seeks to preserve the property of the defendant in an action for the recovery of money. Attachment places the property in the hands of the sheriff by order as a result of writ of attachment. 12 O.S. 2011 § 1151, *et seq.* Attachment is a provi-sional remedy and is defined by *Black's Law Dictionary,* 126, (6th Ed.1990) as "[a] species of mesne process, by which a writ is issued at the institution or during the progress of an action, commanding the sheriff to seize the property . . ., of the defendant to be held as security for the satisfaction of such judgment as the plaintiff may recover." It is "[a] remedy ancillary to an action by which plain-tiff is enabled to acquire a lien upon property or effects of defendant for satisfaction of judgment which plaintiff may obtain." *Id.*

¶ 6 Horton's cite to *Blair v. Oklahoma Tax Commission,* 1997 OK CIV APP 10, 935 P.2d 1197, in support of his position is misplaced. That opinion discusses multiple definitions of the words "attach" and "attachment," of which two are potentially relevant to this case, citing *Burrus v. Oklahoma Tax Com-mission,* 59 F.3d 147, 149–150 (10th Cir.1995) which states:

One definition of attachment is: "A reme-dy ancillary to an action by which plaintiff is enabled to acquire a lien upon property

---

1. Under this section, the Court's jurisdiction ex-tends to an order that "discharges, vacates or modifies or refuses to vacate or modify a provi-sional remedy which affects the substantial rights

of a party; or grants, refuses, vacates, modifies or refuses to vacate or modify an injunction; grants or refuses a new trial; or vacates or refuses to vacate a final judgment."

or effects of defendant for satisfaction of judgment which plaintiff may obtain." Another meaning offered in Black's is: "The act or process of taking, apprehending or seizing ... property...." Read in context, it seems clear that the Oklahoma statute uses the word "attachment" in this second sense of the word, while it is the primary meaning that is relevant to the tax lien context.

"Under commercial law, a lien will 'attach', that is, 'be connected' to property once basic prerequisites exist, thereby rendering enforceable a security interest."[2] *Blair*, 1997 OK CIV APP 10, ¶ 14, 935 P.2d at 1200.

 ¶ 7 We also find Horton's Lien does not constitute a "provisional remedy" as contemplated in § 993(A)(3). A "provisional remedy" is a remedy granted only as "... ancillary or auxiliary to proper equitable relief, that is, such relief is a provisional remedy granted only in connection with an action for some other purpose." *Oklahoma Company v. O'Neil*, 1968 OK 63, ¶ 39, 440 P.2d 978, 987. As Dees point out in the brief in support of their motion to dismiss appeal, like in *O'Neil*, a receivership is a provisional remedy. So too, injunctions, attachments and garnishments are all provisional remedies ancillary to or connected to some other equitable claim for relief. A mechanics and materialman's lien is a *statutory* remedy enforceable by foreclosure under its own statutory scheme.[3]

¶ 8 This court has jurisdiction only to reverse, vacate or modify a final order. 12 O.S.2011 § 952(b)(1). A "final order" is defined as an order affecting a substantial right in an action when such order determines the action and prevents a judgment. 12 O.S.2011 § 953. The trial court's entry of the order granting the Dees' request for emergency release of Horton's Lien and lis pendens does not determine the action nor does it prevent

a judgment and later appeal after trial of all pending issues.

¶ 9 The Dees' Motion to Dismiss Appeal For Lack of Jurisdiction is **SUSTAINED** and the case is **REMANDED** for further proceedings. As a consequence, we need not address Horton's Motion to Strike the Dees' Answer Brief as untimely filed, the determination of which was deferred to the decisional stage by an October 28, 2011 Order of the Oklahoma Supreme Court. Any determination of that motion has been rendered moot.

¶ 10 **APPEAL DISMISSED AND REMANDED.**

BELL, P.J., and MITCHELL, J., concur.

---

**2.** *Blair* was a commercial law tax warrant lien case.

**3.** We recognize that *Blair* refers, in quotes, to the attachment of a governmental tax lien to a homestead as a provisional remedy. *Blair*, 1997 OK CIV APP 10, 935 P.2d 1197, ¶ 16, ¶ 18, 935 P.2d at 1200, 1201. We cannot find any reference to a tax lien being a provisional remedy within the

tax lien provisions of 68 O.S.2011 § 231 or 68 O.S.2011 § 234. This is a mis-characterization of a tax lien as a provisional remedy. Tax lien enforcement is by way of its own statutory scheme prosecuted by a sovereign power and is not ancillary to or connected to some other equitable remedy.